CHIEE JUSTICE DUVALL
delivered the opinion op the court:
This is an appeal from a judgment of the court below dismissing the traverse of an inquest found by a jury in the country on a writ of forcible entry and detainer sued out by the appellants against the appellees.
It appears from the record, that the motion to dismiss the traverse was based upon the grounds: First, that there had been no regular inquest in the country; and. secondly, that no .judgment in conformity with the inquest had been rendered by the justice who presided on the trial in the country.
We think that the court below erred in sustaining the motion upon either of these grounds.
1. It distinctly appears in the record, that the jury found “the defendants not guilty.” This was sufficiently explicit and responsive to the inquiry submitted to them. Verdicts and proceedings under the statutes regulating this remedy have never been held to the test of strict technical precision and regularity.
2. No judgment, according to the inquisition, appears to have been rendered by the justice as required by the Civil Code, sec. 508; nor was such judgment necessary to enable the appellant to maintain his traverse. For, by section 511, “if either party conceive himself aggrieved by the finding of the jury, he may file a traverse thereof with the justice,” &c. And moreover, the form of the traverse, as prescribed in the same section, is that “the plaintiff [or the defendantj saith that the inquisition retained in this cause is not true; wherefore ” &c. On thisatrav-erse, the traversee is required to join issue in the circuit court, which issue is to be tried by a jury, and judgment given on the verdict as in other cases. It is obvious, therefore, that the truth mf the inquisition in the country is the only matter involved in the issue to be tried by the jury in the circuit court.
The provisions of the Code of Practice regulating proceedings in cases of forcible entry and detainer (secs. 500 to 518 *309 inclusive) are a substantia! re enactment of the act of 1810, (1 Stat. Law, 725.). And under this statute it was held that the want of a judgment upon the verdict was no ground for dismissing the traverse in the circuit court.
Wherefore, the judgment is reversed, and the cause remanded with directions to overrule the motion to dismiss the traverse, and for further proceedings not inconsistent with this opinion.